# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MICHAEL J. WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:13-CV-1490-VEH |
| | ) |
| **ALBERT BURNEY, INC., et al,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Two of the defendants, Peter and Andrea Kent (the Kents), have filed a motion that is currently before the court. Doc. 17. The motion is styled as a "Motion to Dismiss Pursuant to FRCP 12(b)(6), or, in the Alternative, Motion for Summary Judgment Pursuant to FRCP 56." *Id.* For the following reasons, the court will consider the motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). And it will **DENY** the Kents' motion.

### PRELIMINARY NOTE

Before the court may examine the substance of the motion, it must first decide whether to interpret the Kents' motion as either a Motion to Dismiss under Rule

12(b)(6) or as a Summary Judgment motion under Rule 56. When considering a Motion to Dismiss, a district court is generally "constrained to review the allegations as contained within the four corners of the complaint and may not consider matters outside the pleading without converting the defendant's motion into one for summary judgment." *Crowell v. Morgan, Stanley, Dean Witter Servs. Co., Inc.*, 87 F. Supp. 2d 1287, 1290 (S.D. Fla. 2000) (citations omitted). However, a court may consider documents attached to a Motion to Dismiss if they are (1) referred to in the complaint and are (2) central to the plaintiff's claim. *Starship Enterprises of Atlanta, inc. v. Coweta County, Ga.*, 708 F.3d 1243, 12532 n.13 (11th Cir. 2013).

Here, the Kents attach three exhibits to their motion:

- An "Agreement to Purchase Real Estate" (doc. 17-1) signed by the plaintiff (Mr. Williams) and Peter Kent on April 27, 2013;

- A "Real Estate Auction Terms and Conditions" (doc. 17-2) initialed on each page by Mr. Williams and Peter Kent also on April 27, 2013; and

- An "Addendum No 1 of the Agreemtn [sic] to Purchase Real Estate" (doc. 17-3) signed by Peter Kent (but apparently not by Mr. Williams) on June 4, 2013.

As the Kents indicate in their Motion, Mr. Williams mentions these documents in his Complaint, and they are indisputably central to his claims. *E.g.*, Doc. 1 ¶¶ 25, 26, 38. The court will therefore treat the Kents' motion as one to dismiss the case under Rule

12(b)(6) rather than one for summary judgment under Rule 56.[1]

## STANDARD OF REVIEW

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556) ("*Iqbal*"). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without

---

[1] In their reply to Mr. Williams's responsive opposition to the present motion, the Kents justified their motion's alternative styling in the following manner, "Because Williams failed to attach any of the contract documents to his Complaint (and declined to provide copies upon request), the Kents – in an abundance of caution – styled their motion in the alternative for summary judgment under Rule 56." As is clear from the law stated above, the Eleventh Circuit does not require the actual attachment of extrinsic documents to a Complaint before this court may consider the documents in the context of a Rule 12(b)(6) motion.

supporting factual allegations. *Id.* at 555, 557 (citation omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). When ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

## DISCUSSION

In his Complaint, Mr. Williams states the following claims:

- Breach of Contract
- Breach of Contract
- Fraud
- Promissory Fraud
- Estoppel
- Negligence
- Conspiracy

Doc. 1 ¶¶ 46-83. In their Motion, the Kents ask this court to dismiss all of these claims except the negligence count, which is only asserted against Albert Burney, Inc., the third defendant. *See* Doc. 17 at 3. After reviewing the Motion, the referenced

pleadings, and the competing memoranda, the court concludes that Mr. Williams has stated claims that are "plausible on [their] face." *Twombly*, 550 U.S. at 570. In other words, Mr. Williams has plead sufficient factual content to permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## CONCLUSION

For the foregoing reasons, the Kents' Motion to Dismiss is **DENIED**.

**DONE** and **ORDERED** this the 20th day of December, 2013.

/s/ VEHopkins
**VIRGINIA EMERSON HOPKINS**
United States District Judge